IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GABRIEL R. RAMIREZ, | § § § | |
| *Plaintiff,* | § § | SA-20-CV-00457-ESC |
| vs. | § § § | |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| *Defendant.* | § | |

## **ORDER**

This order concerns Plaintiff's request for review of the administrative denial of his application for a period of disability and disability insurance benefits ("DIB") under Title II and an application for social security income ("SSI") under Title XVI. 42 U.S.C. §§ 405(g), 1383(c)(3). On May 18, 2021, the parties appeared through counsel before the Court for oral argument on the issues raised in this case. After considering Plaintiff's Opening Brief [#18], Defendant's Brief in Support of the Commissioner's Decision [#19], the transcript ("Tr.") of the SSA proceedings [#11, #16], the other pleadings on file, the applicable case authority and relevant statutory and regulatory provisions, the parties' oral arguments at the Court's hearing, and the entire record in this matter, the Court concludes that the ALJ failed to articulate a legally sufficient basis for rejecting the opinion of all medical providers of record that Plaintiff is unable to engage in sustained walking and standing for six out of eight hours in a workday. By doing so, he violated 20 C.F.R. § 404.1520c and failed to identify substantial evidence in the record to support his lay opinion as to Plaintiff's walking and standing capabilities. The Court will therefore vacate the opinion of the Commissioner finding Plaintiff not disabled and remand this case for further proceedings consistent with this opinion.

1

## I. Jurisdiction

This Court has jurisdiction to review a decision of the Social Security Administration pursuant to 42 U.S.C. § 405(g).  The undersigned has authority to enter this Order pursuant to 28 U.S.C. § 636(c)(1), as all parties have consented to the jurisdiction of a United States Magistrate Judge [#10, #12, #13].

## II. Legal Standards

In reviewing the denial of benefits, the Court is limited to a determination of whether the Commissioner, through the ALJ's decision,[1] applied the proper legal standards and whether the Commissioner's decision is supported by substantial evidence.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).  "Substantial evidence is more than a scintilla, less than preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  The Court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence and credibility assessments are for the Commissioner, not the court, to resolve.  *Id.*  While substantial deference is afforded the Commissioner's factual findings, the Commissioner's legal conclusions, and claims of procedural error, are reviewed *de novo*.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

In determining if a claimant is disabled, the Commissioner uses a sequential, five-step approach, which considers whether: (1) the claimant is currently engaged in substantial gainful

---

[1] In this case, because the Appeals Council declined to review the ALJ's decision, the decision of the ALJ constitutes the final decision of the Commissioner, and the ALJ's factual findings and legal conclusions are imputed to the Commissioner.  *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005); *Harris v. Apfel*, 209 F.3d 413, 414 (5th Cir. 2000).

activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018). If the claimant gets past the first four stages, then the burden shifts to the Commissioner on the fifth step to prove the claimant's employability. *Id.* A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

### III.  Factual Background

Plaintiff Gabriel R. Ramirez filed his applications for DIB and SSI on April 9, 2018, alleging disability beginning January 1, 2017. (Tr. 173–80.) Plaintiff later amended his alleged disability onset date to February 19, 2018. (Tr. 204.) At the time of his DIB and SSI applications, Plaintiff was a 60-year-old high school graduate with past relevant work as a salesperson of mobile homes and furniture. (Tr. 173, 205–207.) The related medical conditions upon which Plaintiff based his initial DIB application were type 2 diabetes, high blood pressure, residual pain in right leg from 15-year-old break, and high cholesterol. (Tr. 206.) Plaintiff's applications were denied initially on October 12, 2017, and again upon reconsideration on April 24, 2018. (Tr. 39, 49, 62, 73.)

Following the denial of his claim, Plaintiff requested an administrative hearing. Plaintiff and his attorney Sarah Kocian attended the administrative hearing before Administrative Law Judge ("ALJ") Gordan Momcilovic on April 18, 2019. (ALJ Hearing Tr. [#16-2].) Plaintiff and vocational expert ("VE") Judith Harper provided testimony at the hearing. (*Id.*)

The ALJ issued an unfavorable decision on May 22, 2019. (Tr. 11–19.) The ALJ found that Plaintiff met the insured-status requirements of the SSA and applied the five-step sequential

analysis required by SSA regulations. At step one of the analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 19, 2018, the amended alleged disability onset date. (Tr. 13.) At step two, the ALJ found Plaintiff to have the severe impairment of type 2 diabetes mellitus with polyneuropathy. (Tr. 13–14.) At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in the applicable Social Security regulations so as to render Plaintiff presumptively disabled. (Tr. 14–15.)

Before reaching step four of the analysis, the ALJ found Plaintiff retains the residual functional capacity ("RFC") to perform light work but can only occasionally climb and crouch and can frequently engage in all other postural activities. (Tr. 15–18.) At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as a salesperson of trailers and motor homes and furniture. (Tr. 18–19.) Accordingly, the ALJ determined that Plaintiff is not disabled for purposes of the Act, and therefore not entitled to receive DIB or SSI. (Tr. 19.)

Plaintiff requested review of the ALJ's decision, but his request for review was denied by the Appeals Council on February 11, 2020. (Tr. 1–5.) On April 13, 2020, Plaintiff filed the instant case, seeking review of the administrative determination.

## IV. Analysis

Plaintiff raises one point of error in this appeal: that the ALJ erred in determining that Plaintiff has the RFC to perform sustained standing and walking for six hours in an eight-hour workday, as is required to perform the full range of walking and standing required for light work. Plaintiff argues that his most significant work-related limitation is his inability to stand or walk for prolonged periods due to pain and numbness resulting from his diabetic neuropathy and his medically determinable impairments related to his right ankle. Plaintiff contends that the ALJ

failed to properly evaluate the medical opinions of record under the new Social Security regulation, 20 C.F.R. § 404.1520c, which governs claims filed on or after March 27, 2017. More specifically, Plaintiff contends that the ALJ failed to provide sufficient reason—or any reason at all—for departing from the medical opinions of record as to his standing and walking capabilities and assessing Plaintiff with no limitations in this area. The Court agrees that the ALJ committed error in evaluating the persuasiveness of the medical opinions of record under Section 404.1520c and that this error was not harmless.

**A.     Medical Evidence in the Record**

The record demonstrates that Plaintiff sustained a right ankle fracture in 2000, which required the use of metal fixation plates for stabilization. (Tr. 492.) There were complications associated with the plates, and in 2005 Plaintiff had a second surgery to partially remove them. (Tr. 492.) Plaintiff has continued to report issues of pain associated with his right ankle. (Tr. 492.) Plaintiff reported to one of the state medical consultants that he can only stand for 30 minutes to one hour at a time and requires the use of a cane and brace when walking any distance. (Tr. 492–94.) Plaintiff testified at the ALJ's hearing that he also experiences daily tingling of his toes in both feet due to his neuropathy to such a degree that his toes "freeze" and he is unable to push on them. (ALJ Hearing Tr. [#16-2], at 592–93.) Plaintiff further testified that walking exacerbates these symptoms, and he is only able to walk one block without stopping to rest. (Tr. 593.) Plaintiff stated at the hearing that he uses a heating pad and elevation to treat the condition, staying off his feet six to seven hours each day. (Tr. [#16-2], at 593–95.) The last place where Plaintiff worked as a furniture salesman was a 100,000 square foot warehouse. (Tr. 596.) Plaintiff testified before the ALJ that his job required him to follow his customers around the warehouse, who were constantly walking throughout the furniture displays. (Tr. 596.)

There are three medical opinions as to Plaintiff's work-related limitations in the administrative record, all of which were rendered by State consultants as part of the disability review process. Dr. Ann Black performed a consultative examination of Plaintiff in June 2018. (Tr. 492.) After conducting a physical examination, Dr. Black determined that Plaintiff could squat, rise, and bend to touch the floor without pain or difficulty and, although the doctor recognized some right-leg weakness, she ultimately concluded that Plaintiff had full range of motion in his lower extremities. (Tr. 494.) As to Plaintiff's ankle, she found it slightly enlarged and tender to palpation with decreased range of motion but no edema. (Tr. 494.) Plaintiff presented with slight antalgic limping on the right and experienced some pain when performing a heel-toe walk. (Tr. 494.) Based on these findings and a review of Plaintiff's history and x-ray results, Dr. Black concluded that Plaintiff suffers from right ankle pain and decreased range of motion secondary to posttraumatic arthritis and post-surgical complications. (Tr. 494.) Dr. Black assessed Plaintiff with no sitting/standing or lifting/carrying limitations due to his ankle disability. (Tr. 495.) Dr. Black found, however, that Plaintiff suffers from severe walking limitations, as well as moderate pushing and pulling limitations, and severe limitations associated with climbing, stooping, bending, balancing, crawling, kneeling, and crouching. (Tr. 495.)

The non-examining State Agency Medical Consultants ("SAMCs")—Dr. Betty Santiago at the initial level and Dr. Robin Rosenstock at the reconsideration level—both assessed Plaintiff with the ability to work at a medium exertional level but with additional standing and walking limitations. (Tr. 36–37, 46–47, 60–61, 71–72.) Dr. Santiago concluded Plaintiff could stand and walk for only four out of eight hours in a workday. (Tr. 36–37, 46–47.) Dr. Rosenstock concluded Plaintiff could stand and walk for only five out of eight hours in a workday. (Tr. 60–61, 71–72.) Both of the SAMCs found that Plaintiff could not engage in sustained walking for the full six hours

out of an eight-hour workday as required to perform the full requirements of medium or light work. *See infra.*

### B. The ALJ's RFC Determination

An RFC determination is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, the ALJ must consider all the evidence in the record, including the limiting effects of all documented impairments, regardless of whether those impairments are severe or non-severe. *Id.* at § 404.1545(a)(1)–(3). The relative weight given to the evidence contained in the record is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 & n.1 (5th Cir. 2001) (per curiam). To that end, the ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam). Furthermore, "RFC determinations are inherently intertwined with matters of credibility, and the ALJ's credibility determinations are generally entitled to great deference." *Acosta v. Astrue*, 865 F. Supp. 2d 767, 790 (W.D. Tex. 2012) (citing *Newton*, 209 F.3d at 459 (internal quotation omitted)).

After reviewing Plaintiff's medical records and considering Plaintiff's testimony at the hearing, the ALJ assessed Plaintiff as having the RFC to perform light work, except that Plaintiff "can occasionally climb and crouch and can frequently engage in all other postural activities." (Tr. 15.) Governing regulations define "light work" as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). The full range of light work requires "a good deal of walking or standing." *Id.* The Social Security Administration has clarified that this means that the "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Hollis v. Bowen*,

837 F.2d 1378, 1386 (5th Cir. 1988) (citing Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5–6 (S.S.A. Jan. 1, 1983)).

In reaching these conclusions, the ALJ summarized the findings of Dr. Black in detail but ultimately found her opinion unpersuasive due to inconsistencies between her objective examination and ultimate conclusions. (Tr. 17–18.) Accordingly, the ALJ declined to adopt Dr. Black's opinion that Plaintiff suffers from severe walking limitations.

The ALJ also found the SAMCs' opinions as to Plaintiff's functional capacity to be unpersuasive, but because the opinions ***were not restrictive enough***. (Tr. 18.) The ALJ rejected the SAMCs finding that Plaintiff could perform medium work, assessing Plaintiff with the capacity to perform only light work. In doing so, the ALJ emphasized that the SAMCs were non-examining and non-treating providers and that their opinions were "not entirely consistent" with the evidence available at the hearing level. (Tr. 18.) Interestingly, the ALJ did not, however, adopt the SAMCs' limitations as to Plaintiff's ability to stand and walk. Nor did he impose greater restrictions in this area. Instead, the ALJ departed in the opposite direction from the SAMCs' opinions and did not assess ***any*** limitations on Plaintiff's standing and walking capacity. Plaintiff contends the ALJ's finding that Plaintiff is able to engage in unlimited standing and walking during his workday was error and is unsupported by substantial evidence in the record. The Court agrees.

**C.     The ALJ erred in failing to articulate any reason for discrediting the SAMCs' medical opinions of record that Plaintiff has standing and walking limitations, and this error was not harmless.**

Plaintiff conceded at the Court's hearing that the sole issue in this case is whether the ALJ erred in failing to impose additional standing and walking limitations in fashioning Plaintiff's RFC. Plaintiff does not challenge the ALJ's determination that Plaintiff can perform light work in any other respect. Because the ALJ failed to articulate any reason for departing from the

SAMCs' opinions that Plaintiff can only engage in standing and walking for four or five hours in a given workday, the ALJ failed to properly apply Section 404.1520c in evaluating the persuasiveness of these medical opinions of record.  Because this error was not harmless, the Court will vacate the Commissioner's decision finding Plaintiff not disabled and remand this case for further proceedings consistent with this opinion.

The Social Security Administration recently promulgated a new rule regarding RFC determinations to govern all claims filed on or after March 27, 2017.  *See* 20 C.F.R. § 404.1520c. Because Plaintiff filed his DIB and SSI applications on April 9, 2018, the new rule applies.  This rule addresses how the Commissioner is to consider and evaluate medical opinions and prior administrative medical filings in evaluating a claimant's residual functional capacity and eliminated the longstanding "treating-physician rule," which required the ALJ to give a treating physician's opinion "controlling weight" in the absence of certain other specific findings.  *See* 20 C.F.R. § 404.1527(c)(2) (describing the former "treating physician" rule).

The new rule states that the Commissioner is no longer required to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding.  *Id.* at § 404.1520c(a).  Instead, the Commissioner is to consider all medical opinions and prior administrative medical findings using the same specific factors outlined in the rule, the most important of which are supportability and consistency.  *Id.* at § 404.1520c(b)(2).  The other factors are treatment relationship with the claimant, specialization, and other factors, such as familiarity with other evidence in the claim.  *Id.* at § 404.1520c(c).  The Commissioner must articulate how persuasive he finds each of the opinions in the record and explain his conclusions with regard to the supportability and consistency factors.  *Id.* at § 404.1520c(b)(2).  The Commissioner may, but is not required to, articulate the consideration of

the other factors, unless the Commissioner finds that "two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same." *Id.* at § 404.1520c(b)(3). In these situations, the Commission must articulate consideration of the other factors as well.

The ALJ applied Section 404.1520c to the three medical opinions of record, evaluating the opinions' persuasiveness and discussing the supportability and consistency factors. The ALJ found Dr. Black's functional assessment of Plaintiff's ability to walk to be unsupported by any explanation and inconsistent with her objective findings. (Tr. 18.) Specifically, the ALJ found Dr. Black's finding of severe limitations in postural activities to be inconsistent with her examination results, which found Plaintiff able to squat and rise without difficulty and to perform straight leg testing without pain. (*Id.*) The ALJ also found that Dr. Black's finding that Plaintiff suffered from severe walking limitations to be inconsistent with her conclusion that Plaintiff has no limitations as to standing. (*Id.*)

As to the SAMCs, as previously stated, the ALJ assessed Plaintiff with more limitations as to lifting (concluding that Plaintiff could perform only light work) than found by either of the SAMCs, both of whom concluded Plaintiff could perform the exertional demands of medium work. (*Id.*) But the ALJ did not adopt the SAMCs' finding that Plaintiff could only engage in four to five hours of walking and standing in a given workday. The ALJ's discussion of the SAMC opinions bears repeating here:

> In prior administrative find[ing]s [sic], the State agency medical consultant at the initial level . . . determined that the claimant was able to work at the medium exertional level. In addition, she added the following limitations: standing and/or walking four hours in an eight-hour workday . . . . On reconsideration, [the SAMC] also found the claimant could work at the medium exertional level, but with the following limitations: standing and/or walking five hours in an eight-hour workday . . . .

10

> The prior administrative findings [of the SAMCs] are unpersuasive. The consultants are non-treating and non-examining sources. While they reviewed the underlying record and provided some support for their findings, they are not entirely consistent with the evidence available at the hearing level. Giving the claimant the benefit of the doubt with regard to his testimony and the objective medical evidence, the undersigned finds the claimant to have greater exertional limitations than those set forth in the prior administrative findings, particularly finding he is limited to light exertion.

(*Id.*)

In other words, the ALJ found Plaintiff's self-described limitations stemming from his impairments to be credible. He also concluded that the objective medical evidence did not support the opinion that Plaintiff could lift 50 pounds occasionally and 25 pounds frequently throughout the workday. (*Id.*) The ALJ provided no explanation, however, as to how Plaintiff's credibility and the objective medical evidence bore on his walking and standing limitations or why he chose to depart from the SAMCs' opinions in this regard.

The Social Security regulations require the Commissioner (and in turn an ALJ acting for the Commissioner) to "articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in [a given] case record." 20 C.F.R. § 404.1520c(b). Although the ALJ is not required to articulate how he or she considered each and every medical opinion contained in a medical source statement from a given medical provider, *see id.* at § 404.1520c(b)(2), the ALJ must still provide some explanation for his reasons for rejecting a medical opinion of record. *See Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000); *see also Price v. Astrue*, 401 Fed. App'x 985, 987 (5th Cir. 2010) (per curiam) (Although the ALJ does not need to comment on every piece of evidence, he must still "build an accurate and logical bridge between the evidence and the final determination."). Without any explanation from the ALJ, it is impossible for the Court to determine whether the ALJ's finding is supported by

11

substantial evidence. *See Harmon v. U.S. Comm'r*, No. 6:14-cv-02660, 2015 WL 9226138, at *7 (W.D. La. Nov. 17, 2015) (concluding reversal and remand was required where ALJ failed to explain basis of decision, making it impossible for the court to determine whether the ALJ provided the correct legal standard or whether the finding was supported by substantial evidence).

This is particularly true where, as here, the lack of explanation leaves the Court with an inexplicable discrepancy. The ALJ found Plaintiff credible and departed from the SAMCs by imposing more exertional limitations than these consultants. Yet, he ignored the SAMCs' postural limitations and included no reference in his RFC to Plaintiff's standing and walking abilities. The Court is left with only speculation as to the reason for this omission—whether it was intentional or merely an oversight. *See Reese v. Saul*, 2020 WL 6804513, at *7 (S.D. Tex. Nov. 3, 2020) (vacating decision for lack of substantial evidence where ALJ provided no explanation for discrepancy between the claimant's need of a cane to ambulate and the ability to walk or stand for two hours, as the "Court cannot speculate as to how these findings should be reconciled").

The Commissioner argues that there is ultimately substantial evidence to support the ALJ's determination that Plaintiff is capable of light work and sustained standing and walking for six out of eight hours in a workday, even though no medical opinion reached this conclusion. True, the ALJ did emphasize some aspects of the medical record in his opinion that could theoretically speak to the ALJ's reasons for ignoring the standing and walking aspects of the SAMCs' opinions. For example, the ALJ emphasized in his opinion that in one of the few appointments on record to address Plaintiff's pain from his diabetic neuropathy, Plaintiff reported pain at a 0/10 and to experiencing numbness only at the site of his right ankle break and not the whole ankle or leg. (Tr. 522.) But this record itself is internally inconsistent, as the purpose of the appointment was to evaluate pain described by Plaintiff as "debilitating" and that had caused him "to miss time from

work." (Tr. 528.) And again, although the ALJ summarized the medical evidence of record accurately, he never discussed that evidence in the context of evaluating the persuasiveness of the SAMCs' opinions as to Plaintiff's standing and walking limitations.

It is not this Court's or the Commissioner's role to supply a post-hoc explanation for the ALJ's RFC where the ALJ himself failed to provide one. *See Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) ("Courts may not accept appellate counsel's *post hoc* rationalizations for agency action . . . ."); *Noranda Alumina, L.L.C. v. Perez*, 841 F.3d 661, 666 (5th Cir. 2016) (quoting *Burlington Truck Lines*). The ALJ failed to build a "logical bridge" between the evidence on Plaintiff's ability to stand and walk, his rejection of the SAMCs opinions to that effect, and his ultimate determination that Plaintiff suffers from no limitations in this area. *See Price*, 401 Fed. App'x at 986. This was error.

The ALJ's error was not harmless. An error is not harmless if it affected Plaintiff's substantial rights and the outcome of the proceedings. *See Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) ("[P]rocedural perfection is not required unless it affects the substantial rights of a party."). Had the ALJ found Plaintiff to suffer from standing and walking limitations of any kind, Plaintiff would be unable to perform the full standing and walking requirements of light work. The ALJ might have therefore concluded that Plaintiff is unable to perform his past relevant work, which was performed at a light exertional level per the VE and involved extensive walking and standing. (Tr. 598.) He also might not have reached a finding of non-disability on this basis.

The Court will vacate the Commissioner's decision and remand for further proceedings consistent with this opinion. In light of this decision, the Court need not and will not consider Plaintiff's other arguments regarding Section 404.1520c and the ALJ's credibility assessment.

## V.  Conclusion

Based on the foregoing, the Court finds that the ALJ failed to articulate sufficient reasons for rejecting the opinions of record that Plaintiff has standing and walking limitations.  Further, the Court finds that substantial evidence does not support the ALJ's conclusions that Plaintiff can engage in sustained walking and standing for six out of eight-hours in a workday.  The Court finds these errors were not harmless.  Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's decision finding that Plaintiff is not disabled is **VACATED** and this case **REMANDED** for further fact-finding consistent with this opinion.

SIGNED this 3rd day of June, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE